## A. ALVAREZ & HNO., Plaintiffs and Appellees, v. ISIDORO MICHEL, Defendant and Appellant.

### No. 3526. Argued April 17, 1925.—Decided August 1, 1925.

1. EVIDENCE—CONDITIONAL SALE—CONTRACT.—When a conditional sale contract states that a certain sum of money is due by reason of the sale and not that the sale price was fixed at that amount the introduction of evidence to show the sale price does not tend to vary the terms of the written contract.

2. APPEAL—HARMLESS ERROR.—Where there is a complicated account the court has discretion, in the absence of serious objection, to name an accountant or referee, and the fact that the court misstates the manner in which the supposed referee was named is harmless error.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment for the plaintiffs with costs. *Affirmed.*

*M. Cruz Horta* and *Sebastián García* for the appellant. *F. Soto Gras* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

[1] The first assignment of error treats of a matter of evidence. The appellant says that the complainants introduced evidence tending to vary the terms of a written contract. Without discussing the exceptions to this much mooted rule it sufficiently appears that there was no such variance. The particular charge is that in a conditional sale of an automobile the price was fixed at $2,317.64, while at the trial the complainants were allowed to show that the sale price was $2,817.64, and that $500 was paid in cash. The document in question merely sets up that $2,317.64 is owing, due to the conditional sale of a truck. In other words, that $2,317.64 was due by reason of the sale and not that the sale price was fixed in that amount. Nor does it appear that appellant made due objection.

[2] Some doubt there may be whether defendant consented to the naming of a so-called arbitrator in the case, and perhaps the court should not have so stated. We think, however, there was no serious objection, and as there was a complicated account the court had a discretion to name an accountant or referee. Section 205 C.C.P. It was a

harmless mistake at best for the court to misstate the manner in which the supposed referee was named.

The next objection is that the court permitted the expert to be examined by the attorney and refused the same privilege to the attorney for the defendant. The pages to which the appellant refers do not reveal such a state of facts and the appellees say that the record does not reveal it. We do not find this objection justified by the record.

The fourth assignment of error relates to the weighing of the evidence and the appellant does not convince us that the court erred.

The fifth assignment of error sets up that the court erred in its adjudgment and in making no holding in regard to the cross-complaint. The cross-complaint sets up the same matter as the defense. The appellant does not really argue this matter. Hence we find no reason for discussing it.

Other questions mentioned in the brief were not properly assigned and do not merit further mention.

The judgment should be affirmed.